# Tab 12

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

In re:

**A.B. DICK COMPANY,** *et al.,*

       Debtor.

Chapter 11

Case Nos. 04-12002 (JLP)

## *J U D G M E N T*

This Court on November 17, 2004, heard upon expedited notice the Motion of Presstek, Inc., for Order directing Mitsubishi Imaging, Inc., to Comply with this Court's Sale Order and Mitsubishi Imaging, Inc.'s Motion for Order Determining Validity of Exercises of Election under PostPetition Private Label Sales Agreement, together with objections thereto by the Official Unsecured Creditors Committee and concurrence in each motion by the Debtor-in-Possession, and after concluding the taking of testimony and admission of all evidence, the Court entered on the record a Memorandum of Decision sustaining each motion of Presstek, Inc., and Mitsubishi Imaging, Inc., and directing entry of Judgment by the clerk, accordingly,

    **IT IS ORDERED,** adjudged, and decreed that Mitsubishi Imaging, Inc., shall be and legally is bound by purchase orders 267409, 267411, 276466, 270467, 272994 and 273001, for custom plate materials and shall deliver to the Debtor and Presstek, Inc., such product and inventory, whereupon Presstek, Inc., shall hold harmless the Debtor by payment of the balance due under such purchase order in the sum of $2,255,397.00 upon delivery by Mitsubishi; and pursuant to F.R.B.P. 4001(a)(3) this Order is effective immediately, not stayed for 10 days.
DATED this 17th day of November, 2004.

1

A- 0736

David Bird
Clerk of the U.S. Bankruptcy Court

By _Nancy Hunt_
Deputy Clerk

2

# Tab 13

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

In re:                                          :
                                                :
A.B. DICK COMPANY, et al.,                      :        Case No. 04-12002 (JLP)
                                                :        Chapter 11
         Debtor.                                :

## AMENDED JUDGMENT

This Court on November 17, 2004, heard upon expedited notice the Motion of Presstek, Inc., for Order directing Mitsubishi Imaging, Inc., to Comply with this Court's Sale Order and Mitsubishi Imaging, Inc.'s Motion for Order Determining Validity of Exercises of Election under PostPetition Private Label Sales Agreement, together with objections thereto by the Official Unsecured Creditors Committee and concurrence in each motion by the Debtor-in-Possession, and after concluding the taking of testimony and admission of all evidence, the Court entered on the record a Memorandum of Decision sustaining each motion of Presstek, Inc., and Mitsubishi Imaging, Inc., and directing entry of Judgment by the clerk, accordingly,

**IT IS ORDERED,** adjudged, and decreed that Mitsubishi Imaging, Inc., shall be and legally is bound by purchase orders 267409, 267411, 276466, 270467, 272994 and 273001, for custom plate materials and shall deliver to the Debtor and Presstek, Inc., such product and inventory, whereupon Presstek, Inc., shall hold harmless the Debtor by payment of the balance

due under such purchase order in the sum of $2,255,397.00 upon delivery by Mitsubishi; and

pursuant to F.R.B.P. 4001(a)(3) this Order is effective immediately, not stayed for 10 days.

DATED this _23rd_ day of November, 2004.

David Bird
Clerk of the U.S. Bankruptcy Court

By _Nancy Kent_
Deputy Clerk

# Tab 14

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

IN RE:                                )   CHAPTER 11
                                      )
A.B. DICK COMPANY, *et al.*,          )   CASE NO. 04-12002 (JLP)
                                      )
                          Debtors.    )   JOINTLY ADMINISTERED
                                      )
                                      )   Re: Docket # 532, 549
                                      )

## NOTICE OF APPEAL

PLEASE TAKE NOTICE that The Official Committee of Unsecured Creditors (the "Committee") of the A.B. Dick Company, *et al.* (the "Debtors"), by its undersigned counsel, hereby appeals to the United States District Court for the District of Delaware, pursuant to 28 U.S.C. § 158(a), from the Order of the United States Bankruptcy Court for the District of Delaware entered in the above-captioned bankruptcy proceeding on November 18, 2004 (the "Judgment"), amended on November 23, 2004, ordering Mitsubishi Imaging (MPM), Inc. ("Mitsubishi") to be bound by purchase orders 267409, 267411, 276466, 270467, 272994, and 273001, for custom plate materials and delivery to the Debtors and Presstek, Inc. such product and inventory encompassed in those purchase orders.

The parties to the Judgment appealed from, and the names, addresses and telephone numbers of their respective counsel are as follows:

565938v1

A.B. DICK COMPANY, *ET AL.*
DEBTORS

Frederick B. Rosner, Esq.
Jaspan Schlesinger Hoffman LLP
913 Market Street, 12th Floor
Wilmington, De 19801
(302) 351-8000

H. Jeffrey Schwartz, Esq.
John A. Gleason, Esq.
Benesch Friedlander Coplan & Aronoff
LLP
2300 BP Tower
200 Public Square
Cleveland, OH 44114-2378
(216) 363-4500

PRESSTEK, INC. AND SILVER ACQUISITIONS CORP.

Francis Monaco, Jr., Esq.
Monzack and Monaco
1201 N. Orange Street, Suite 400
Wilmington, DE 19801
(302) 656-8162

Stephen B. Selbst, Esq.
Gary O. Ravert, Esq.
McDermott Will & Emery
50 Rockefeller Plaza
New York, NY 10020-1605
(212) 547-5500

MITSUBISHI IMAGING (MPM), INC.

Thomas G. Whalen, Esq.
Stevens & Lee, P.C
1105 North Market Street, 7th Floor
Wilmington, DE 19801
(302) 654-5180

Robert Lapowsky, Esq.
Stevens & Lee, P.C
1818 Market Street
29th Floor
Philadelphia, PA 19103
(215) 575-0100

A- 0741

Dated: Wilmington, Delaware
      November 29, 2004

THE BAYARD FIRM

By: _____
   Jeffrey M. Schlerf (No. 3047)
   GianClaudio Finizio (No. 4253)
   Mary E. Augustine (No. 4477)
   222 Delaware Avenue, Suite 900
   Wilmington, Delaware 19801
   Tel: 302-429-4218

     -and-

MCGUIREWOODS, LLP
Richard J. Mason
Michael M. Schmahl
77 West Wacker Drive
Suite 4100
Chicago, Illinois 60601-1681
Tel: 312-849-8100

     -and-

MCGUIREWOODS, LLP
James P. Ricciardi
Marshall Beil
James H. Joseph
Shawn R. Fox
1345 Avenue of the Americas
Seventh Floor
New York, NY 10105-0106
Tel: 212-548-2100

Co-Counsel to the Committee

565938v1

3

A- 0742

## CERTIFICATE OF SERVICE

I, GianClaudio Finizio, Esquire, do hereby certify that on this 29th day of November, 2004, I caused a true and correct copy of the foregoing **Notice of Appeal** to be served (i) upon the parties listed below in the manner indicated, and (ii) upon the parties listed on the attached 2002 service list via hand delivery to local counsel and via First Class United States Mail to all remaining parties identified thereon.

**Hand Delivery**
Frederick B. Rosner, Esq.
Jaspan Schlesinger Hoffman LLP
913 Market Street, 12th Floor
Wilmington, De 19801

**Overnight Courier**
H. Jeffrey Schwartz, Esq.
John A. Gleason, Esq.
Benesch Friedlander Coplan & Aronoff LLP
2300 BP Tower
200 Public Square
Cleveland, OH 44114-2378

**Hand Delivery**
Francis Monaco, Jr., Esq.
Monzack and Monaco
1201 N. Orange Street, Suite 400
Wilmington, DE 19801

**Overnight Courier**
Stephen B. Selbst, Esq.
Gary O. Ravert, Esq.
McDermott Will & Emery
50 Rockefeller Plaza
New York, NY 10020-1605

**Hand Delivery**
Thomas G. Whalen, Esq.
Stevens & Lee, P.C
1105 North Market Street, 7th Floor
Wilmington, DE 19801

**Overnight Courier**
Robert Lapowsky, Esq.
Stevens & Lee, P.C
1818 Market Street
29th Floor
Philadelphia, PA 19103

**Hand Delivery**
David M. Klauder, Esq.
Office of the United States Trustee
844 King Street
Room 2207
Lockbox #35
Wilmington, DE 19899-0035

565933v1

GianClaudio Finizio (No. 4253)

## A.B. Dick Company

## 2002 Service List

Frederick B. Rosner, Esq.
Dmitry Pilipis, Esq.
Laurie S. Polleck, Esq.
Jaspan Schlesinger Hoffman
913 N. Market Street
12th Floor
Wilmington   DE    19801
*Counsel for Debtors*

David M. Klauder, Esq.
US Trustee's Office
844 King Street
Room 2207
Lockbox #35
Wilmington   DE   19899-0035

Jeffrey  Schwartz, Esq.
John A. Gleason, Esq.
Michael D. Zaverton, Esq.
Benesch, Friedlander, Coplan & Arronoff LLP
2300 BP Tower
200 Public Square
Cleveland   OH   44114-2378
*Counsel for Debtors*

Stephen B. Selbst, Esq.
McDermott Will & Emery
50 Rockefeller Plaza
New York   NY   10020
*Presstek*

David A. Zagore, Esq.
Squire Sanders & Dempsey LLP
4900 Key Tower
Cleveland   OH   44114
*Special Corporate Counsel*

David  Glickman
Candlewood Partners, LLC
10 1/2 East Washington Street
Cleveland   OH   44022
*Financial Advisor*

Donald C. Hohmeier
Edward Howard & Co.
1360 East Ninth Street
7th Floor
Cleveland   OH   44114
*Corporate Communications Consultant*

Lorenzo Mendizabal
Trumbull Services
4 Griffin Road North
Windsor   CT   06095
*Noticing Agent*

Francis A Monaco, Jr., Esq.
Walsh Monzack and Monaco, P.A.
1201 Orange Street
Suite 400
Wilmington   DE   19801
*Delaware Counsel to Presstek*

Carl E. Mabry, VP
Delaware Asset Management
2005 Market Street
Philadephia   PA   19103
*Committee Member*

MHR Capital Partners LP
c/o MHR Fund Managment, L.L.C.
40 West 57th Street
Thirty-Third Floor
New York   NY   10019

Cleveland Union
c/o Al Lewis - UAW
Region 2B
1691 Woodlands Drive
Maumee   OH   43537

John P. Kirwan
225 Franklin Street
Boston   MA   02110

---

# A.B. Dick Company

## 2002 Service List

Carolyn Jernagin
OBIE & Co.
c/o JP Morgan Chase
811 Rusk Street
18-HCB-340
Houston   TX   77072

Donald  W. Bowin, VP
Mitsubishi Imaging (MPM) Inc.
555 Theodore Fremd Avenue
Rye   NY   10580
*Committee Member*

Glenn C.  Pollack
Candelwood Partners Restructuring Group
10 1/2 East Washington Street
Cleveland   OH   44122

Sharon  Umhoefer, Esq.
Konica-Minolta Business Solutions, USA, Inc.
100 Williams Drive
Ramsey   NJ   07446
*Committee Member*

Marion L. Tyson, Jr.
Esko Production A/S
1955 Vaughn Road
Suite 101
Kennesaw   GA   30144
*Committee Member*

Ohio EPA
Lazarus Government Center
122 S. Front Street
Columbus   OH   43215-1099

Datacard Corporation
c/o Dorsey & Whitney
50 S.6th Street
Suite 1500
Minneapolis   MN   55402

Elof Hansoon KK
302 Shuwa No. 2
Taranomon Building
21-19 Taranomob 1-Chome
Minato-Ku Tokyo 105   Japan

BNY Clearing Services LLC
Reorganization Dept, 4th Flr.
111 East Kilbourn Avenue
Milwaukee   WI   53202

Global Graphics Software, Inc.
5875 Trinity Parkway
Suite 110
Centreville   VA   20120

HT Specialty Inc.
622 Pullman Avenue
Rochester   NY   14615

Braden-Sutphin Ink, Co
3650 East 93rd Street
Cleveland   OH   44105

Richard J. Mason, Esq.
Michael M. Schmahl, Esq.
McGuire Woods LLP
77 West Wacker Drive
Suite 4100
Chicago   IL   60601
*Counsel to the Committee*

Ernst & Young LLP
5 Times Square
New York   NY   10036

Varn Products Company, Inc.
P.O. Box 828730
Philadelphia   PA   19182-8563

BBA Nonwovens Simpsonville Inc.
840 Southeast Main Street
Simpsonville   SC   29681

## A.B. Dick Company

## 2002 Service List

Base Line Inc.
5103 D Street NW
Auburn   WA   98001

Van Son Holland Ink Corp.
P.O. Box 9006
Central Islip   NY   11722-9006

Niraj R. Ganatra, Assoc. Gen'l Counsel
International Union, UAW
8000 East Jefferson Avenue
Detroit   MI   48214
*Committee Member*

Lori Tremonte
Kodak Polychrome Graphics LLC
401 Merritt 7
Norwalk   CT   06851

Baumfolder Corp.
1660 Campbell Road
Sidney   OH   45365

Liberty Mutual
900 N. National Parkway
Schaumberg   IL   60173

Smith Barney Inc.
1014 Santa Barbara Street
Santa Barbara   CA   93101

Microtek Lab Inc.
16941 Keegan Avenue
Carson   CA   90746

Ohio Bureau of Workers' Compensation
30 W. Spring Street
Columbus   OH   43215-2256

Emkay
P.O. Box 92047
Chicago   IL   60675-2047

Bear Stearns Securities Corp.
One Metrotech Center North, 4th Floor
Free Receives-Cashiers Dept.
Brooklyn   NY   11201-3859

Bear Sterns Securities , Corp.
DTC New York Window
55 Water Street
3rd Floor, South Building
New York   NY   10041

Henry Staley, and
Bank of  America, Co-Trustees
c/o Bank of America
231 LaSalle Street
Mail Code IL-231-02-40
ATTN:  Stephen Zimmer
Chicago   IL   60697

Charles Schwab & Co. Inc.
101 Montgomery Street
ATTN:  Transfer of Accounts
San Francisco   CA   94104

Pershing
One Pershing Plaza (lobby)
9th Floor, Grove Street PATH Station
ATTN:  Domestic Clearance
Jersey City   NJ   07399

Arthur LaBow
Neuberger Berman, LLC
605 Third Avenue, 38th Floor
New York   NY   10158

UBS Paine Webber
888 San Clemente Drive
Suite 400
Newport Beach   CA   92660

Bear Sterns Securities Corp.
DTC New York Window
55 Water Street
Plaza Level, South Building
New York   NY   10041

A- 0746

## A.B. Dick Company

## 2002 Service List

Ingalls & Snyder LLC
61 Broadway, 31st Floor
New York   NY   10006-2802

Chase Manhattan Bank
4 New York Plaza
Ground Floor - Receive Window
New York   NY   10005

Dennis Greer
Spyglass Trading, L.P.
8201 Preston Road
Suite 440
Dallas   TX   75225

Lehman Brothers
1100 Glendon Avenue
11th Floor
Los Angeles   CA   90024

Salomon Smith Barney
787 7th Avenue, 36th Floor
New York   NY   10019

NSCC New York Window
55 Water Street
Concourse Level, South Building
New York   NY   10041

Michael Sage, Esq.
Eric Kay, Esq.
Anna Taruschio, Esq.
Stroock & Stroock & Lavan
180 Maiden Lane
New York   NY   10038
*Counsel to MHR Capital Partners LP*

Morgan Stanley
1225 Prospect Street
La Jolla   CA   92037

Jami B. Nimeroff, Esq.
Buchanan Ingersoll P.C.
The Nemours Building
1007 North Orange Street
Suite 1110
Wilmington   DE   19801
*Counsel to KeyBank*

Marshall Beil, Esq.
James P. Ricciardi, Esq.
Shawn R. Fox, Esq.
McGuire Woods LLP
1345 Avenue of the Americas
Seventh Floor
New York   NY   10105
*Counsel to the Committee*

Alan R. Lepene, Esq.
Robert C. Folland, Esq.
Andrew L. Turscak, Esq.
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland   OH   44114-1291
*Counsel to KeyBank, N.A.*

Jeffrey Baddeley, Esq.
Baker & Hostetler LLP
3200 National City Center
1900 East Ninth Street
Cleveland   OH   44114-3485
*Robert Tomsich*

Niraj R. Ganatra, Esq.
International Union, UAW
8000 E. Jefferson Street
Detroit   MI   48214
*UAW*

Joseph H. Baldiga, Esq.
Paul W.   Carey, Esq.
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester   MA   01608-1477
*C.P. Bourg, Inc.*

## A.B. Dick Company

## 2002 Service List

Bernard G. Conaway, Esq.
Fox Rothschild LLP
919 N. Market Street
Suite 1300
Citizens Bank Center
Wilmington   DE   19801-2323
*Konica Minolta Business Solutions USA*

Christopher D. Loizides, Esq.
Loizides & Associates
1200 Pennsylvania Avenue
Suite 202-A
Wilmington   DE   19806
*Esko-Graphics*

Robert  Lapowsky, Esq.
Stevens & Lee
1818 Market Street
Philadelphia   PA   19103
*Counsel to Mitsubishi*

Tally F. Parker Jr., Esq.
Parker & Marks PC
1333 Corporate Drive
Suite 209
Irving   TX   75038
*Counsel to City of Irving*

Derek C. Abbott, Esq.
Daniel B. Butz, Esq.
Morris Nichols Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington   DE   19899-1347
*MHR Capital Partners LP*

John J. Monagham, Esq.
Lynne B. Xerras, Esq.
David G. Sobol, Esq.
Holland & Knight LLP
10 St. James Avenue
Boston   MA   02116
*Global Graphics Software Limited*

James W. Deatherage, Esq.
Jim Deatherage & Assoc., P.C.
800 West Airport Freeway
Suite 518, LB  6060
Irving   TX   75062
*Irving Independent School District*

Bill Angelowitz
Daily Insights
225 W. 34th Street
Suite 403
New York   NY   10122

David S. Rosner, Esq.
Ronna G. Jackson, Esq.
Michael  Faye, Esq.
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York   NY   10019
*MHR*

Tony Praino
Special Handling Group - MD NC317
IBM Credit LLC
North Castle Drive
Armonk   NY   10504

Steve  Turner, Esq.
McGinnis, Lochridge & Kilgore, LLP
919 Congress Avenue
Suite 1300
Austin   TX   78701
*Prologis*

Beverly H. Shideler, Esq.
IBM Corporation
Two Lincoln Centre
Oakbrook Terrac   IL   60181
*IBM*

# A.B. Dick Company

## 2002 Service List

Richard S. Cobb, Esq.
Jamie L. Edmonson, Esq.
Landis Rath & Cobb LLP
919 Market Street
Suite 600
Wilmington   DE   19801
*MHR Capital Partners LP*

Gary L. Barnhart, Esq.
Missouri Dept. of Revenue
General Counsel's Office
301 W. High Street, Rm 670
P.O. Box 475
Jefferson City   MO   65105-0475

Diane W. Sanders, Esq.
Linebarger Goggan
Blair & Sampson LLP
1949 South I.H. 35 (78741)
P.O. Box 17428
Austin   TX   78760
*Nueces County*

David G. Aelvoet, Esq.
Linebarger Goggan Blair & Sampson LLP
Travis Building
711 Navarro
Suite 300
San Antonio   TX
*Bexar County City of El Paso*

Mieko Kojima
Iwatsu Electric Co., Ltd.
7-41, Kugayama 1-Chome, Suginami-Ku
Tokyo   Japan   168-8501

Robert E. Chrostowski, SVP
Iwatsu America, Inc.
6 Buell Court
Clinton   CT   06413

Shawn M. Christianson, Esq.
Buchalter, Nemer, Fields & Younger
333 Market Street
25th Flr.
San Francisco   CA   94105-2130
*Oracle Corporation & Oracle Credit Corp.*

Neil Herskowitz
Riverside Contracting LLC
P.O. Box 626
Planetarium Station
New York   NY   10024-0540

Elizabeth Weller, Esq.
Linebarger Goggan Blair & Sampson LLP
2323 Bryan Street
Suite 1600
Dallas   TX   75201
*City of El Paso, Brown CAD, City of Memphis et al.*

Kera  Alhilali
Madison Capital Mangement
6143 South Willow Drive
Suite 200
Greenwood Village   CO   80111

Robert H. Rosenbaum, Esq.
M. Evan Meyers, Esq.
Meyers, Rodbell & Rosenbaum, P.A.
Bershire Building
6801 Kenilworth Avenue
Suite 400
Riverdale   Mary   20737-1385
*Charles County, Maryland*

Thomas Whalen
Stevens & Lee
1105 North Market Street
7th Floor
Wilmington   DE   19801
*Counsel to Mitsubishi*

## A.B. Dick Company

## 2002 Service List

Davor Rukavina, Esq.
Munsch Hardt Kopf & Harr, P.C.
4000 Fountain Place
1445 Ross Avenue
Dallas   TX   75202-2790
*Teachers Insurance & Annuity Assn.*

Denise S. Mondell, Esq.
Assistant Attorney General
State of Connecticut, Dept of Revenue Svc.
P.O. Box 120
55 Elm Street, 4th Flr.
Hartford   CT   06141-0120

Kirk B. Burkley, Esq.
Bernstein Law Firm, P.C.
Suite 2200 Gulf Tower
707 Grant Street
Pittsburgh   PA   15219
*Hewlett-Packard Financial Services Co.*

Neil Gilmour III
Executive Sounding Board Associates Inc.
1300 N. Market Street
Suite 506
Wilmington   DE   19801
*Committee Financial Advisor*

Adam Mantzaris, Corp Counsel
Town Hall
45 South Main Street
Wallingford   CT   06492
*Town of Wallingford*

Sergio I. Scuteri, Esq.
Farr, Burke, Gambacorta & Wright, P.C.
211 Benigno Boulevard
Suite 201
Bellmawr   NJ   08031
*Citicorp Vendor Finance, Inc.*

James H. Joseph, Esq.
Ronald Crouch, Esq.
McGuireWoods LLP
Dominion Tower
625 Liberty Avenue
23rd Flr.
Pittsburg   PA   15222-3142

Ian Connor Bifferato, Esq.
Bifferato, Gentilotti & Biden
1308 Delaware Avenue
P.O. Box 2165
Wilmington   DE   19899
*Prime Group Realty Trust*

John S. Delnero, Esq.
Kevin Y. Pak, Esq.
Bell, Boyd & Lloyd LLC
70 West Madison Street
Suite 3300
Chicago   IL   60602
*Prime Group Realty Trust*

A- 0750

# Tab 15

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | : | Chapter 11 |
| In re: | : | |
| | : | Case No. 04-12002 (JLP) |
| A.B. DICK COMPANY, *et al.*, | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Related Docket No. 572 |
| | : | |

## APPELLANT OFFICIAL COMMITTEE OF UNSECURED CREDITORS DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD AND STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

The Official Committee of Unsecured Creditors of the A.B. Dick Company, *et al.*

(the "Committee"), by and through its undersigned counsel, in accordance with Rule 8006 of the

Federal Rules of Bankruptcy Procedure, hereby designate the record and issues presented on

appeal to the United States District Court for the District of Delaware from the Order of the

United States Bankruptcy Court for the District of Delaware entered in the above-captioned

bankruptcy proceeding on November 18, 2004 (the "Judgment"), amended on November 23,

2004, ordering Mitsubishi Imaging (MPM), Inc. ("Mitsubishi") to be bound by purchase orders

267409, 267411, 276466, 270467, 272994, and 273001, for custom plate materials and delivery

to the Debtors and Presstek, Inc. such product and inventory encompassed in those purchase

orders.

567543v1

## Items to be Included in the Record on Appeal

| Item Number | Docket Entry | Date of Docket Entry |
|---|---|---|
| 1 | Motion Of Mitsubishi Imaging (MPM), Inc. For An Order Expediting Time For The Hearing To Consider Its Emergency Motion For Order Determining Validity Of Exercise Of Election Under Postpetition Private Label Sales Agreement And To Limit Notice To Certain Designated Parties (Docket Entry No. 495). | 11/15/2004 |
| 2 | Emergency Motion Of Mitsubishi Imaging (MPM), Inc. For Order Determining Validity Of Exercise Of Election Under Postpetition Private Label Sales Agreement Filed (Docket Entry No. 496). | 11/15/2004 |
| 3 | Emergency Motion Of Presstek, Inc. to Approve Order Directing Mitsubishi Imaging (MPM) Inc. to Comply with This Court's Sale Order (Docket Entry No. 504). | 11/15/2004 |
| 4 | Presstek's Motion to Shorten Time re: Emergency Motion Seeking an Order Directing Mitsubishi Imaging (MPM) Inc. to Complay with This Court's Sale Order (Docket Entry No. 505). | 11/15/2004 |
| 5 | Order Granting Motion of Mitsubishi Imaging (MPM), Inc. for an Order Expediting Time for the Hearing to Consider its Emergency Motion for Order Determining Validity of Exercise of Election under Postpetition Private Label Sales Agreement and to Limit Notice to Certain Designated Parties (Docket Entry No. 515). | 11/16/2004 |
| 6 | Order Granting Motion to Shorten Time re: Emergency Motion Seeking an Order Directing Mitsubishi Imaging (MPM) Inc. to Comply with This Court's Sale Order (Docket Entry No. 516). | 11/16/2004 |
| 7 | Objection of Presstek, Inc. to Emergency Motion of Mitsubishi Imaging (MPM), Inc. for Order Determining Validity of Exercise of Election Under Postpetition Private Label Sales Agreement (Docket Entry No. 521). | 11/16/2004 |
| 8 | Response Of Mitsubishi Imaging (MPM), Inc. to Emergency Motion Of Presstek, Inc. For An Order Directing Mitsubishi Imaging (Mpm), Inc. To Comply With This Court's Sale Order (Docket Entry No. 523). | 11/16/2004 |
| 9 | Response of the Official Committee of Unsecured Creditors to the Emergency Motion of Mitsubishi Imaging (MPM), Inc. for Order Determining Validity of Election Under Postpetition Private Label Sales Agreement and Motion for an Order Refunding Credit to the Estates (Docket Entry No. 524). | 11/16/2004 |
| 10 | Statement of the Debtors: (A) In Response to the Emergency Motion of Mitsubishi Imaging (MPM), Inc. for Order Determining Validity of Excercise of Election Under Postpetition Private Label Sales Agreement; (B) In Support of the Emergency Motion of Presstek, Inc. Seeking an Order Directing Mitsubishi Imaging (MPM) Inc. to Comply With This Court's Sale Order; and | 11/16/2004 |

567543v1

2

A- 0752

| | | |
|---|---|---|
| | (C) In Response to the Emergency Motion of the Official Committee of Unsecured Creditors to Compel Debtors, Silver and Presstek to Comply With Sale Order Entered November 3, 2004 and the Second Amendment to the Asset Purchase Agreement Filed by A.B.Dick Company (Docket Entry No. 525). | |
| 11 | Judgment (Docket Entry No. 532). | 11/17/2004 |
| 12 | Amended Judgment (Docket Entry No. 549). | 11/23/2004 |
| 13 | Notice of Appeal filed by the Committee (Docket Entry No. 572). TAB "A" | 11/29/2004 |
| 14 | Transcript of Hearing Held November 17, 2004 | Transcript requested but not yet docketed. |

567543v1

3

A- 0753

<u>Statement of Issues to be Presented on Appeal</u>

     1.     Whether the Bankruptcy Court erred in ruling that the buyer of substantially all of the assets and executory contracts of a debtors' estates may explicitly refuse to accept assignment of an executory contract, but, nonetheless, receive the benefits of that contract without accepting that contract's burdens?

     2.     Whether the Bankruptcy Court erred in ignoring those principals of construction which require the more specific exclusionary provision of a sale order to control over the more general inclusive provisions of an asset purchase agreement where the sale order explicitly states that any inconsistency between the sale order and any documents executed therewith, including the asset purchase agreement, would be controlled by the sale order?

567543v1

4

Dated: Wilmington, Delaware
      December 8, 2004

THE BAYARD FIRM

By:

Jeffrey M. Schlerf (No. 3047)
GianClaudio Finizio (No. 4253)
Mary E. Augustine (No. 4477)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
Tel:  302-429-4218

-and-

MCGUIREWOODS, LLP
Richard J. Mason
Michael M. Schmahl
77 West Wacker Drive
Suite 4100
Chicago, Illinois 60601-1681
Tel:  312-849-8100

-and-

MCGUIREWOODS, LLP
James P. Ricciardi
Marshall Beil
James H. Joseph
Shawn R. Fox
1345 Avenue of the Americas
Seventh Floor
New York, NY 10105-0106
Tel:  212-548-2100

Co-Counsel to the Committee

567543v1

5

A- 0755

**CERTIFICATE OF SERVICE**

I, GianClaudio Finizio, Esquire, do hereby certify that on this 8th day of December, 2004, I caused a true and correct copy of the foregoing **Appellant Official Committee of Unsecured Creditors Designation Of Items To Be Included In The Record And Statement Of Issues To Be Presented On Appeal** to be served (i) upon the parties listed below in the manner indicated, and (ii) upon the parties listed on the attached 2002 service list via hand delivery to local counsel and via First Class United States Mail to all remaining parties identified thereon.

| | |
|---|---|
| **Hand Delivery**<br>Frederick B. Rosner, Esq.<br>Jaspan Schlesinger Hoffman LLP<br>913 Market Street, 12th Floor<br>Wilmington, De 19801 | **Overnight Courier**<br>H. Jeffrey Schwartz, Esq.<br>John A. Gleason, Esq.<br>Benesch Friedlander Coplan & Aronoff LLP<br>2300 BP Tower<br>200 Public Square<br>Cleveland, OH 44114-2378 |
| **Hand Delivery**<br>Francis Monaco, Jr., Esq.<br>Monzack and Monaco<br>1201 N. Orange Street, Suite 400<br>Wilmington, DE 19801 | **Overnight Courier**<br>Stephen B. Selbst, Esq.<br>Gary O. Ravert, Esq.<br>McDermott Will & Emery<br>50 Rockefeller Plaza<br>New York, NY 10020-1605 |
| **Hand Delivery**<br>Thomas G. Whalen, Esq.<br>Stevens & Lee, P.C<br>1105 North Market Street, 7th Floor<br>Wilmington, DE 19801 | **Overnight Courier**<br>Robert Lapowsky, Esq.<br>Stevens & Lee, P.C<br>1818 Market Street<br>29th Floor<br>Philadelphia, PA 19103 |
| **Hand Delivery**<br>David M. Klauder, Esq.<br>Office of the United States Trustee<br>844 King Street<br>Room 2207<br>Lockbox #35<br>Wilmington, DE 19899-0035 | |

GianClaudio Finizio (No. 4253)

567543v1

## A.B. Dick Company

## 2002 Service List

Frederick B. Rosner, Esq.
Dmitry Pilipis, Esq.
Laurie S. Polleck, Esq.
Jaspan Schlesinger Hoffman
913 N. Market Street
12th Floor
Wilmington   DE   19801
*Counsel for Debtors*

David M. Klauder, Esq.
US Trustee's Office
844 King Street
Room 2207
Lockbox #35
Wilmington   DE   19899-0035

H. Jeffrey Schwartz, Esq.
John A. Gleason, Esq.
Michael D. Zaverton, Esq.
Benesch, Friedlander, Coplan & Arronoff LLP
2300 BP Tower
200 Public Square
Cleveland   OH   44114-2378
*Counsel for Debtors*

Stephen B. Selbst, Esq.
Gary O. Ravert, Esq.
McDermott Will & Emery
50 Rockefeller Plaza
New York   NY   10020
*Presstek*

David A. Zagore, Esq.
Squire Sanders & Dempsey LLP
4900 Key Tower
Cleveland   OH   44114
*Special Corporate Counsel*

David  Glickman
Candlewood Partners, LLC
10 1/2 East Washington Street
Cleveland   OH   44022
*Financial Advisor*

Donald C. Hohmeier
Edward Howard & Co.
1360 East Ninth Street
7th Floor
Cleveland   OH   44114
*Corporate Communications Consultant*

Lorenzo Mendizabal
Trumbull Services
4 Griffin Road North
Windsor   CT   06095
*Noticing Agent*

Francis A Monaco, Jr., Esq.
Walsh Monzack and Monaco, P.A.
1201 Orange Street
Suite 400
Wilmington   DE   19801
*Delaware Counsel to Presstek*

Carl E. Mabry, VP
Delaware Asset Management
2005 Market Street
Philadelphia   PA   19103
*Committee Member*

MHR Capital Partners LP
c/o MHR Fund Managment, L.L.C.
40 West 57th Street
Thirty-Third Floor
New York   NY   10019

Cleveland Union
c/o Al Lewis - UAW
Region 2B
1691 Woodlands Drive
Maumee   OH   43537

John P. Kirwan
225 Franklin Street
Boston   MA   02110

## A.B. Dick Company

## 2002 Service List

Carolyn Jernagin
OBIE & Co.
c/o JP Morgan Chase
811 Rusk Street
18-HCB-340
Houston   TX   77072

Donald  W. Bowin, VP
Mitsubishi Imaging (MPM) Inc.
555 Theodore Fremd Avenue
Rye   NY   10580
*Committee Member*

Glenn C.  Pollack
Candelwood Partners Restructuring Group
10 1/2 East Washington Street
Cleveland   OH   44122

Sharon  Umhoefer, Esq.
Konica-Minolta Business Solutions, USA, Inc.
100 Williams Drive
Ramsey   NJ   07446
*Committee Member*

Marion L. Tyson, Jr.
Esko Production A/S
1955 Vaughn Road
Suite 101
Kennesaw   GA   30144
*Committee Member*

Ohio EPA
Lazarus Government Center
122 S. Front Street
Columbus   OH   43215-1099

Datacard Corporation
c/o Dorsey & Whitney
50 S.6th Street
Suite 1500
Minneapolis   MN   55402

Elof Hansoon KK
302 Shuwa No. 2
Taranomon Building
21-19 Taranomob 1-Chome
Minato-Ku Tokyo 105   Japan

BNY Clearing Services LLC
Reorganization Dept, 4th Flr.
111 East Kilbourn Avenue
Milwaukee   WI   53202

Global Graphics Software, Inc.
5875 Trinity Parkway
Suite 110
Centreville   VA   20120

HT Specialty Inc.
622 Pullman Avenue
Rochester   NY   14615

Braden-Sutphin Ink, Co
3650 East 93rd Street
Cleveland   OH   44105

Richard J. Mason, Esq.
Michael M. Schmahl, Esq.
McGuire Woods LLP
77 West Wacker Drive
Suite 4100
Chicago   IL   60601
*Counsel to the Committee*

Ernst & Young LLP
5 Times Square
New York   NY   10036

Varn Products Company, Inc.
P.O. Box 828730
Philadelphia   PA   19182-8563

BBA Nonwovens Simpsonville Inc.
840 Southeast Main Street
Simpsonville   SC   29681

A- 0758

# A.B. Dick Company

## 2002 Service List

Base Line Inc.
5103 D Street NW
Auburn   WA   98001

Van Son Holland Ink Corp.
P.O. Box 9006
Central Islip   NY   11722-9006

Niraj R. Ganatra, Assoc. Gen'l Counsel
International Union, UAW
8000 East Jefferson Avenue
Detroit   MI   48214
*Committee Member*

Lori Tremonte
Kodak Polychrome Graphics LLC
401 Merritt 7
Norwalk   CT   06851

Baumfolder Corp.
1660 Campbell Road
Sidney   OH   45365

Liberty Mutual
900 N. National Parkway
Schaumberg   IL   60173

Smith Barney Inc.
1014 Santa Barbara Street
Santa Barbara   CA   93101

Microtek Lab Inc.
16941 Keegan Avenue
Carson   CA   90746

Ohio Bureau of Workers' Compensation
30 W. Spring Street
Columbus   OH   43215-2256

Emkay
P.O. Box 92047
Chicago   IL   60675-2047

Bear Stearns Securities Corp.
One Metrotech Center North, 4th Floor
Free Receives-Cashiers Dept.
Brooklyn   NY   11201-3859

Bear Sterns Securities , Corp.
DTC New York Window
55 Water Street
3rd Floor, South Building
New York   NY   10041

Henry Staley, and
Bank of America, Co-Trustees
c/o Bank of America
231 LaSalle Street
Mail Code IL-231-02-40
ATTN:  Stephen Zimmer
Chicago   IL   60697`

Charles Schwab & Co. Inc.
101 Montgomery Street
ATTN:  Transfer of Accounts
San Francisco   CA   94104

Pershing
One Pershing Plaza (lobby)
9th Floor, Grove Street PATH Station
ATTN:  Domestic Clearance
Jersey City   NJ   07399

Arthur LaBow
Neuberger Berman, LLC
605 Third Avenue, 38th Floor
New York   NY   10158

UBS Paine Webber
888 San Clemente Drive
Suite 400
Newport Beach   CA   92660

Bear Sterns Securities Corp.
DTC New York Window
55 Water Street
Plaza Level, South Building
New York   NY   10041

## A.B. Dick Company

## 2002 Service List

Ingalls & Snyder LLC
61 Broadway, 31st Floor
New York   NY   10006-2802

Chase Manhattan Bank
4 New York Plaza
Ground Floor - Receive Window
New York   NY   10005

Dennis Greer
Spyglass Trading, L.P.
8201 Preston Road
Suite 440
Dallas   TX   75225

Lehman Brothers
1100 Glendon Avenue
11th Floor
Los Angeles   CA   90024

Salomon Smith Barney
787 7th Avenue, 36th Floor
New York   NY   10019

NSCC New York Window
55 Water Street
Concourse Level, South Building
New York   NY   10041

Michael Sage, Esq.
Eric Kay, Esq.
Anna Taruschio, Esq.
Stroock & Stroock & Lavan
180 Maiden Lane
New York   NY   10038
*Counsel to MHR Capital Partners LP*

Morgan Stanley
1225 Prospect Street
La Jolla   CA   92037

Jami B. Nimeroff, Esq.
Buchanan Ingersoll P.C.
The Nemours Building
1007 North Orange Street
Suite 1110
Wilmington   DE   19801
*Counsel to KeyBank*

Marshall Beil, Esq.
James P. Ricciardi, Esq.
Shawn R. Fox, Esq.
McGuire Woods LLP
1345 Avenue of the Americas
Seventh Floor
New York   NY   10105
*Counsel to the Committee*

Alan R. Lepene, Esq.
Robert C. Folland, Esq.
Andrew L. Turscak, Esq.
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland   OH   44114-1291
*Counsel to KeyBank, N.A.*

Jeffrey Baddeley, Esq.
Baker & Hostetler LLP
3200 National City Center
1900 East Ninth Street
Cleveland   OH   44114-3485
*Robert Tomsich*

Niraj R. Ganatra, Esq.
International Union, UAW
8000 E. Jefferson Street
Detroit   MI   48214
*UAW*

Joseph H. Baldiga, Esq.
Paul W. Carey, Esq.
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester   MA   01608-1477
*C.P. Bourg, Inc.*

## A.B. Dick Company

## 2002 Service List

Bernard G. Conaway, Esq.
Fox Rothschild LLP
919 N. Market Street
Suite 1300
Citizens Bank Center
Wilmington   DE   19801-2323
*Konica Minolta Business Solutions USA*

Christopher D. Loizides, Esq.
Loizides & Associates
1200 Pennsylvania Avenue
Suite 202-A
Wilmington   DE   19806
*Esko-Graphics*

Robert  Lapowsky, Esq.
Stevens & Lee
1818 Market Street
Philadelphia   PA   19103
*Counsel to Mitsubishi*

Tally F. Parker Jr., Esq.
Parker & Marks PC
1333 Corporate Drive
Suite 209
Irving   TX   75038
*Counsel to City of Irving*

Derek C. Abbott, Esq.
Daniel B. Butz, Esq.
Morris Nichols Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington   DE   19899-1347
*MHR Capital Partners LP*

John J. Monagham, Esq.
Lynne B. Xerras, Esq.
David G. Sobol, Esq.
Holland & Knight LLP
10 St. James Avenue
Boston   MA   02116
*Global Graphics Software Limited*

James W. Deatherage, Esq.
Jim Deatherage & Assoc., P.C.
800 West Airport Freeway
Suite 518, LB  6060
Irving   TX   75062
*Irving Independent School District*

Bill Angelowitz
Daily Insights
225 W. 34th Street
Suite 403
New York   NY   10122

David S. Rosner, Esq.
Ronna G. Jackson, Esq.
Michael  Faye, Esq.
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York   NY   10019
*MHR*

Tony Praino
Special Handling Group - MD NC317
IBM Credit LLC
North Castle Drive
Armonk   NY   10504

Steve  Turner, Esq.
McGinnis, Lochridge & Kilgore, LLP
919 Congress Avenue
Suite 1300
Austin   TX   78701
*Prologis*

Beverly H. Shideler, Esq.
IBM Corporation
Two Lincoln Centre
Oakbrook Terrac   IL   60181
*IBM*

## A.B. Dick Company

## 2002 Service List

Richard S. Cobb, Esq.
Jamie L. Edmonson, Esq.
Landis Rath & Cobb LLP
919 Market Street
Suite 600
Wilmington   DE   19801
*MHR Capital Partners LP*

Gary L. Barnhart, Esq.
Missouri Dept. of Revenue
General Counsel's Office
301 W. High Street, Rm 670
P.O. Box 475
Jefferson City   MO   65105-0475

Diane W. Sanders, Esq.
Linebarger Goggan
Blair & Sampson LLP
1949 South I.H. 35 (78741)
P.O. Box 17428
Austin   TX   78760
*Nueces County*

David G. Aelvoet, Esq.
Linebarger Goggan Blair & Sampson LLP
Travis Building
711 Navarro
Suite 300
San Antonio   TX
*Bexar County City of El Paso*

Mieko Kojima
Iwatsu Electric Co., Ltd.
7-41, Kugayama 1-Chome, Suginami-Ku
Tokyo   Japan   168-8501

Robert E. Chrostowski, SVP
Iwatsu America, Inc.
6 Buell Court
Clinton   CT   06413

Shawn M. Christianson, Esq.
Buchalter, Nemer, Fields & Younger
333 Market Street
25th Flr.
San Francisco   CA   94105-2130
*Oracle Corporation & Oracle Credit Corp.*

Neil Herskowitz
Riverside Contracting LLC
P.O. Box 626
Planetarium Station
New York   NY   10024-0540

Elizabeth Weller, Esq.
Linebarger Goggan Blair & Sampson LLP
2323 Bryan Street
Suite 1600
Dallas   TX   75201
*City of El Paso, Brown CAD, City of Memphis et al.*

Kera Alhilali
Madison Capital Mangement
6143 South Willow Drive
Suite 200
Greenwood Village   CO   80111

Robert H. Rosenbaum, Esq.
M. Evan Meyers, Esq.
Meyers, Rodbell & Rosenbaum, P.A.
Bershire Building
6801 Kenilworth Avenue
Suite 400
Riverdale   Mary   20737-1385
*Charles County, Maryland*

Thomas Whalen
Stevens & Lee
1105 North Market Street
7th Floor
Wilmington   DE   19801
*Counsel to Mitsubishi*

## A.B. Dick Company

## 2002 Service List

Davor Rukavina, Esq.
Munsch Hardt Kopf & Harr, P.C.
4000 Fountain Place
1445 Ross Avenue
Dallas   TX   75202-2790
*Teachers Insurance & Annuity Assn.*

Denise S. Mondell, Esq.
Assistant Attorney General
State of Connecticut, Dept of Revenue Svc.
P.O. Box 120
55 Elm Street, 4th Flr.
Hartford   CT   06141-0120

Kirk B. Burkley, Esq.
Bernstein Law Firm, P.C.
Suite 2200 Gulf Tower
707 Grant Street
Pittsburgh   PA   15219
*Hewlett-Packard Financial Services Co.*

Neil Gilmour III
Executive Sounding Board Associates Inc.
1300 N. Market Street
Suite 506
Wilmington   DE   19801
*Committee Financial Advisor*

Adam Mantzaris, Corp Counsel
Town Hall
45 South Main Street
Wallingford   CT   06492
*Town of Wallingford*

Sergio I. Scuteri, Esq.
Farr, Burke, Gambacorta & Wright, P.C.
211 Benigno Boulevard
Suite 201
Bellmawr   NJ   08031
*Citicorp Vendor Finance, Inc.*

James H. Joseph, Esq.
Ronald Crouch, Esq.
McGuireWoods LLP
Dominion Tower
625 Liberty Avenue
23rd Flr.
Pittsburg   PA   15222-3142

Ian Connor Bifferato, Esq.
Bifferato, Gentilotti & Biden
1308 Delaware Avenue
P.O. Box 2165
Wilmingon   DE   19899
*Prime Group Realty Trust*

John S. Delnero, Esq.
Kevin Y. Pak, Esq.
Bell, Boyd & Lloyd LLC
70 West Madison Street
Suite 3300
Chicago   IL   60602
*Prime Group Realty Trust*

Nancy H. Pagliaro, Paralegal
Cornell University
Office of University Counsel
300 CCC Building Garden Avenue
Ithaca   NY   14853-2601

Sharon L. Royer, UC Tax Agent/Bankruptcy Representative
Dept of Labor and Industry
Commonwealth of Pennsylvania
Harrisburg Bankruptcy & Compliance Office
1171 S. Cameron St., Room 312
Harrisburg   PA   17104-2513
*Office of Unemployment Compensation Tax Services*

# Tab 16

UNITED STATES BANKRUPTCY COURT

DISTRICT OF DELAWARE

——————————————————————X
In re:                              )
                                    )    Chapter 11
A.B. DICK COMPANY., *et al.*,       )    Case Nos. 04-12002 (JLP)
                                    )    (Jointly Administered)
                                    )
                Debtors.            )
——————————————————————X

## NOTICE OF FILING OF FIRST AMENDMENT
## TO ASSET PURCHASE AGREEMENT

Please take notice that Presstek, Inc., by and through its undersigned counsel, has

filed First Amendment to Asset Purchase Agreement with the Court on January 6, 2005.

Dated:  January 6, 2005                 **MONZACK AND MONACO, P.A.**


                                        __/s/ Francis A. Monaco, Jr.____
                                        Francis A. Monaco, Jr., Esq. (#2078)
                                        Joseph J. Bodnar, Esq. (#2512)
                                        1201 Orange Street, Ste. 400
                                        Wilmington, DE 19801
                                        (302) 656-8162

                                        McDERMOTT WILL & EMERY LLP
                                        Stephen B. Selbst
                                        Lawrence Slattery
                                        Gary Ravert
                                        50 Rockefeller Plaza
                                        New York, New York 10020
                                        (212) 547-5400

                                        *Of Counsel*
                                        *Attorneys for Presstek, Inc.*

39729

A- 0764

## FIRST AMENDMENT TO
## ASSET PURCHASE AGREEMENT

This First Amendment to Asset Purchase Agreement (this *"Amendment"*) is entered effective as of the __ day of August, 2004, by and among Presstek, Inc., a Delaware corporation (*"Platinum"*), Silver Acquisitions Corp., a Delaware corporation (*"Purchaser"*), Paragon Corporate Holdings, Inc., a Delaware corporation (*"Parent"*), A.B. Dick Company, a Delaware corporation and a wholly-owned subsidiary of Parent (*"Seller"*), A.B. Dick Company of Canada, Ltd., a Canada corporation and wholly-owned subsidiary of Seller (*"Canada Sub"*) and Interactive Media Group, Inc., an Ohio corporation and a wholly-owned subsidiary of Parent (*"IMG"* and together with Canada Sub and Seller, the *"Sellers"*). Platinum, Purchaser, Parent and the Sellers may be referred to herein individually as a *"Party"* or collectively as the *"Parties."*

### RECITALS

WHEREAS, the Parties entered into a certain Asset Purchase Agreement dated July 13, 2004, (the *"Asset Purchase Agreement"*); and

WHEREAS, Section 13.8 of the Asset Purchase Agreement provides that it may be amended in a writing signed by the Parties to be bound.

NOW, THEREFORE, in order to induce the Parties to consummate the transactions contemplated by the Asset Purchase Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is acknowledged by all Parties hereto, the Parties agree as follows:

1.    Section 8.3 of the Asset Purchase Agreement is hereby deleted in its entirety and such provision shall have no further force and effect.

2.    Section 10.12 of the Asset Purchase Agreement is hereby deleted in its entirety and replaced with the following:

"10.12  Accounts Receivable and Inventory. (i) At the Effective Time, the sum of accounts receivable and inventory, less deferred revenue, of Seller and Canada Sub shall be at least $22,700,000 on a cumulative basis, and (ii) Limited shall have $5,400,000 in net assets (including the intercompany payable due Seller of $1,600,000), in each case measured in accordance with GAAP. In determining the amount of inventory for purposes of the calculations under this Section 10.12, the Parties agree that Seller is permitted to include pre-paid inventory to the extent that such pre-paid inventory (A) does not exceed $2.5 million in the aggregate and (B) is scheduled to be delivered no later than November 30, 2004."

3.    Except as explicitly set forth in this Amendment, the Parties hereby reaffirm the Asset Purchase Agreement in its entirety.

4.   The validity of this Amendment, the construction of its terms and the interpretation and enforcement of the rights and duties of the Parties of this Amendment will be exclusively governed by and construed in accordance with the internal laws of the State of New York as applied to agreements entered into solely between residents of and to be performed entirely in the State of New York, without reference to that body of law relating to conflicts of law or choice of law.

5.   This Amendment may be executed in counterparts, each of which will be an original as regards any Party whose name appears thereon and all of which together will constitute one and the same instrument.  This Amendment will become binding when one or more counterparts hereof, individually or taken together, bear the signatures of all the Parties reflected hereon as signatories.

IN WITNESS WHEREOF, the Parties hereto have executed this Amendment as of the date first written above.

PRESSTEK, INC.                          PARAGON CORPORATE HOLDINGS, INC.

By: /s/ Edward J. Marino
Name:  Edward J. Marino              By: /s/ Jeffrey S. Herden
Title:   President and CEO           Name:  Jeffrey S. Herden
                                     Title:   Secretary


SILVER ACQUISITIONS CORP.            A.B. DICK COMPANY


By: /s/ Edward J. Marino             By: /s/ Stephen S. Gray
Name:  Edward J. Marino              Name:  Stephen S. Gray
Title:   President and CEO           Title:   CRO


                                     A.B. DICK COMPANY OF CANADA, LTD.


                                     By: Gerry Welstead
                                     Name:  Gerry Welstead
                                     Title:   Contoller


                                     INTERACTIVE MEDIA GROUP, INC.


                                     By: /s/ Jeffrey S. Herden
                                     Name:  Jeffrey S. Herden
                                     Title:   Secretary

Doc 1224836 Ver 2

A- 0766

# Tab 17

UNITED STATES BANKRUPTCY COURT

DISTRICT OF DELAWARE

```
─────────────────────────────────X
In re:                            )
                                  )    Chapter 11
A.B. DICK COMPANY., et al.,       )    Case Nos. 04-12002 (JLP)
                                  )    (Jointly Administered)
                                  )
                  Debtors.        )
─────────────────────────────────X
```

## NOTICE OF FILING OF SECOND AMENDMENT
## TO ASSET PURCHASE AGREEMENT

Please take notice that Presstek, Inc., by and through its undersigned counsel, has

filed Second Amendment to Asset Purchase Agreement with the Court on January 6,

2005.

Dated: January 6, 2005                    MONZACK AND MONACO, P.A.


                                          __/s/ Francis A. Monaco, Jr.____
                                          Francis A. Monaco, Jr., Esq. (#2078)
                                          Joseph J. Bodnar, Esq. (#2512)
                                          1201 Orange Street, Ste. 400
                                          Wilmington, DE 19801
                                          (302) 656-8162

                                          McDERMOTT WILL & EMERY LLP
                                          Stephen B. Selbst
                                          Lawrence Slattery
                                          Gary Ravert
                                          50 Rockefeller Plaza
                                          New York, New York 10020
                                          (212) 547-5400

                                          *Of Counsel*
                                          *Attorneys for Presstek, Inc.*


39729

## SECOND AMENDMENT TO
## ASSET PURCHASE AGREEMENT

This Second Amendment to Asset Purchase Agreement (this *"Amendment"*) is entered into as of the 5th day of November, 2004, by and among Presstek, Inc., a Delaware corporation (*"Platinum"*), Silver Acquisitions Corp., a Delaware corporation (*"Purchaser"*), Paragon Corporate Holdings, Inc., a Delaware corporation (*"Parent"*), A.B. Dick Company, a Delaware corporation and a wholly-owned subsidiary of Parent (*"Seller"*), A.B. Dick Company of Canada, Ltd., a Canada corporation and wholly-owned subsidiary of Seller (*"Canada Sub"*) and Interactive Media Group, Inc., an Ohio corporation and a wholly-owned subsidiary of Parent (*"IMG"* and together with Canada Sub and Seller, the *"Sellers"*). Platinum, Purchaser, Parent and the Sellers may be referred to herein individually as a *"Party"* or collectively as the *"Parties."*

### RECITALS

WHEREAS, the Parties entered into a certain Asset Purchase Agreement dated July 13, 2004, as amended by the First Amendment to Asset Purchase Agreement, dated as of August ___, 2004 (as amended, the *"Asset Purchase Agreement"*); and

WHEREAS, Section 13.8 of the Asset Purchase Agreement provides that it may be amended in a writing signed by the Parties to be bound.

NOW, THEREFORE, in order to induce the Parties to consummate the transactions contemplated by the Asset Purchase Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is acknowledged by all Parties hereto, the Parties agree as follows:

1.      Capitalized terms used herein and not defined shall have the meanings ascribed to such terms in the Asset Purchase Agreement.

2.      Purchaser and Platinum hereby agree that <u>Section 2.1(e) of the Seller Disclosure Schedule</u> is final and agreed upon as of the date hereof.

3.      Notwithstanding anything to the contrary contained in Sections 2.1 and 2.2 of the Asset Purchase Agreement, the Sellers agree to assign and the Purchaser hereby agrees to assume the Sellers' retirement plans including Seller's 401(k) Employees Savings & Investment Plan and Canada Sub's Variable Investment Policy and Seller's Great West Health Care medical plan.

4.      Section 2.3 of the Asset Purchase Agreement is hereby amended by adding the following clause at the end of the paragraph"

"; provided, however that the Parties agree not to allocate more that $3,200,000 of the Purchase Price to the Canada Sub for the Assets in Canada."

A-0768

5.    Section 2.4(a) of the Asset Purchase Agreement is hereby amended, in accordance with the sale order of the Bankruptcy Court for the District of Delaware, entered on November 3, 2004 (the "Sale Order"), by adding the following paragraphs after clause (iv):

"(v)    any Liability for medical claims made with respect to or by any current employees of the Seller or IMG for periods prior to Closing but that are incurred but not reported as of the Closing, provided that the Seller is current on payment of all such medical claims in accordance with past practice in its ordinary course of dealing;

(vi)    any Liability for Assumed Seller Contracts that the Purchaser has agreed to assume as set forth in Section 2.1(e) of the Seller Disclosure Schedule (except for the Assumed Seller Lease Contracts) in order to cure such contracts as may be assumed by Purchaser and assigned by the Sellers under Sections 363 and 365 of the Bankruptcy Code (for purposes hereof, the term "Assumed Seller Lease Contracts" shall mean those contracts that are contemplated by the Sale Order, inclusive of Exhibit "1" thereto);

(vii)    any Liability for Assumed Seller Lease Contracts that the Purchaser has agreed to assume in order to cure such contracts assumed by Purchaser and assigned by the Sellers under Sections 363 and 365 of the Bankruptcy Code but only to the extent that such Liability exceeds $500,000 in the aggregate; and

(viii)    any Liability for sales commissions earned in the ordinary course of business by current employees of the Seller whose place of employment is located in the United States for periods prior to Closing but that are unpaid as of Closing, provided however that the Purchaser shall not be responsible for any amount exceeding $425,000 in the aggregate."

6.    Section 2.4(b) of the Asset Purchase Agreement is hereby amended by adding the phrase "Except as set forth in Section 2.4(a)(v)," before Section 2.4(b)(v).

7.    Section 2.4(b) of the Asset Purchase Agreement is hereby amended by adding the following paragraph after clause (xiv):

"Notwithstanding anything to the contrary contained in this Section 2.4(b), it is the intent of the parties that all Liabilities of Limited, except those for Taxes as set forth in clause (ii) above, shall be assumed by Purchaser pursuant to the transfer of ownership of Limited's shares from Seller to Purchaser."

8.    The provisions of Article 8 and Section 11.2 of the Asset Purchase Agreement are hereby modified to conform to the terms of the Bidding Procedures Order, entered by the Bankruptcy Court on September 16, 2004.

9.    Purchaser and Platinum hereby waive the conditions set forth in Section 10.6 of the Asset Purchase Agreement; provided that Sellers make commercially reasonable efforts to obtain the consents set forth in Section 3.4(b) of the Seller Disclosure Schedule through November 5, 2004, and that on or before November 5, 2004, Seller gives the Purchaser reasonable assurances that it will use commercially reasonable efforts (which shall not require Seller to expend any funds) to obtain such consents in a reasonable time frame post-closing.

A- 0769

10.    Section 10.12 of the Asset Purchase Agreement is hereby deleted in its entirety and replaced with the following:

"10.12  Accounts Receivable and Inventory. (i) At the Effective Time, the sum of accounts receivable and inventory, less deferred revenue, of Seller and Canada Sub shall be at least $22,700,000 on a cumulative basis, and (ii) Limited shall have $5,400,000 in net assets (including the intercompany payable due to Seller from Limited in the amount of $1,600,000), in each case measured in accordance with GAAP. In determining the amount of inventory for purposes of the calculations under this Section 10.12, the Parties agree that Seller is permitted to include pre-paid deposits for inventory."

11.    Purchaser and Platinum hereby waive the conditions set forth in Section 10.13 of the Asset Purchase Agreement; provided that Purchaser and Platinum receive, on or before November 5, 2004, reasonable assurances that the Reviewers will deliver the financial statements and other documents required by Section 10.13 within a reasonable time period after the Closing, including without limitation confirmation from the Reviewers as to the current status of the review as of the Closing, and an escrow of funds reasonably sufficient to pay for the fees and expenses to be incurred by the Reviewers to complete their work.

12.    Section 11.1 of the Asset Purchase Agreement is hereby deleted in its entirety and replaced with the following:

"11.1  Termination of Agreement.  Certain of the Parties may terminate this Agreement as provided below:

a.    Purchaser and Seller may terminate this Agreement by mutual written consent at any time prior to the Closing;

b.    Purchaser may terminate this Agreement by giving written notice to Seller at any time prior to the Closing in the event (A) Seller has within the then previous ten (10) business days given Purchaser any notice pursuant to Section 5.1 above and the development that is the subject of the notice (i) has occurred between the date hereof and the Closing (ii) has caused a Material Adverse Effect or (B) if the Closing shall not have occurred on or before November 15, 2004, by reason of the failure of any condition precedent under Section 10 hereof (unless the failure results primarily from Purchaser itself Breaching any representation, warranty, or covenant contained in this Agreement);

c.    Purchaser or Seller may terminate this Agreement by giving written notice to the other party at any time prior to Closing in the event that (i) Seller has accepted or selected, and the Bankruptcy Court has approved, the bid or bids (including a credit bid) of any Person or Persons other than Purchaser or any of its Affiliates to purchase all or any portion of Seller's businesses or Assets, and such transaction or transactions contemplated by any such bid or bids has been consummated, or (ii) Seller withdraws its support for the transactions contemplated by this Agreement and seeks to have a stand-alone plan of reorganization confirmed by the Court;

A- 0770

d.      Purchaser or Seller may terminate this Agreement by giving written notice to the other party at any time prior to Closing if the Sale Order shall not have been entered by the Bankruptcy Court on or before November 15, 2004;

e.      Purchaser may terminate this Agreement by giving written notice to Seller at any time prior to Closing if any condition precedent under Section 10 hereof shall fail to be satisfied or is incapable of being satisfied as of the Closing (unless the failure results primarily from Purchaser itself Breaching any representation, warranty, or covenant contained in this Agreement); provided however, Purchaser's closing of the transactions contemplated by this Agreement shall constitute a waiver of any condition precedent under Section 10 hereof that is not satisfied as of the Closing; or

f.      Seller may terminate this Agreement by giving written notice to Purchaser at any time prior to Closing if (A) any condition precedent under Section 9 hereof shall fail to be satisfied or is incapable of being satisfied as of the Closing or (B) Purchaser has Breached any material representation, warranty, or covenant contained in this Agreement in any material respect, Seller has notified Purchaser of such Breach and the Breach has continued without cure for a period of fifteen (15) days after the notice of Breach (unless the failure results primarily from Seller itself Breaching any representation, warranty, or covenant contained in this Agreement); provided however, Seller's closing of the transactions contemplated by this Agreement shall constitute a waiver of any condition precedent under Section 9 hereof that is not satisfied as of the Closing."

13.     Section 11.3 of the Asset Purchase Agreement is hereby deleted in its entirety and replaced with the following:

"11.3   Effect of Termination.  Except as provided in Sections 11.2 or 2.5, in the event that this Agreement is terminated by either Party then said termination shall be the sole remedy of the Parties with respect to Breaches of any covenant, representation, or warranty contained in this Agreement and none of the Parties nor any of their respective directors, officers, members, or Affiliates, as the case may be, shall have any liability or further obligation to the other party or any of their respective directors, officer, members, or Affiliates, as the case may be, pursuant to this Agreement, except upon a willful Breach by a Party (in which case the non-Breaching Parties shall have all rights and remedies existing at law or in equity).  Upon any termination of this Agreement pursuant to Section 11.1, all Confidential Information of any Party shall be returned to the other Parties."

14.     Section 2.5 of the Asset Purchase Agreement is hereby deleted in its entirety and replaced with the following:

"2.5    Deposit.  An earnest money deposit (the "Deposit") in the amount of the Two Million Dollars ($2,000,000) shall be paid by Purchaser on the entry of the Sale Procedures Order (as defined in Section 8.1) into an escrow account in accordance with a customary escrow agreement (the "Escrow Agreement").  The Deposit shall be applied to the Purchase Price payable by Purchaser on the Closing Date.  If this Agreement shall be terminated by any Party pursuant to Section 11.1, other than a termination pursuant to Section 11.1(f) as a result of any Breach of a representation, warranty or covenant by

A- 0771

Purchaser, then the Deposit shall be returned to Purchaser. If this Agreement shall be terminated by Seller pursuant to Section 11.1(f) as a result of a Breach of a representation, warranty or covenant by Purchaser, then the Deposit shall be paid to Seller. Notwithstanding any other provision to the contrary contained herein, the Deposit shall be the sole and exclusive remedy of Seller against Platinum and Purchaser under this Agreement."

15.    Seller's Disclosure Schedules to the Asset Purchase Agreement are hereby amended to include the disclosures listed on <u>Exhibit A</u> attached hereto and incorporated herein, and the sections of the Asset Purchase Agreement referenced in such <u>Exhibit A</u> are hereby deemed to be qualified by reference to such disclosures to the extent that such qualification does not already exist in such section.

16.    Purchaser and Platinum hereby waive any Breach of any representation, warranty or covenant of any other Party to the Asset Purchase Agreement that either Purchaser or Platinum is aware of as of the date hereof or that may exist as a result of the disclosures contained in this Amendment. Both Purchaser and Platinum acknowledge and confirm that as of the date hereof they are not aware of (a) the occurrence of any Material Adverse Effect with respect to Seller since the date of the Asset Purchase Agreement, (b) the existence of any Order by any Governmental Authority, or any other fact or circumstance, which would prohibit or render illegal the transactions contemplated by the Asset Purchase Agreement, (c) any material permit or authorization that must be obtained and has not been already obtained from, or any other action that must be taken and has not already been taken by, any Governmental Authority having jurisdiction over the parties and the actions proposed to be taken pursuant to the Asset Purchase Agreement (other than the entry of the Sale Order by the Bankruptcy Court), or (d) the existence of any pending litigation or pending proceeding that could reasonably be expected to have the effect of enjoining or preventing the consummation, or altering the terms, or any of the transactions provided for in this Agreement or that could reasonably be expected to have a Material Adverse Effect on Seller, the Assets, the Assumed Liabilities or the business to be conducted with the Assets by Purchaser other than the instant proceedings in the Bankruptcy Court.

17.    Seller, Parent, Canada Sub and IMG hereby waive any Breach of any representation, warranty or covenant of any other Party to the Asset Purchase Agreement that any of Seller, Parent, Canada Sub or IMG is aware of as of the date hereof or that may exist as a result of the disclosures contained in this Amendment. Each of Seller, Parent, Canada Sub and IMG acknowledge and confirm that as of the date hereof they are not aware of (a) the occurrence of any material adverse effect with respect to Platinum since May 31, 2004, (b) the existence of any Order by any Governmental Authority, or any other fact or circumstance, which would prohibit or render illegal the transactions contemplated by the Asset Purchase Agreement, (c) any material permit or authorization that must be obtained and has not been already obtained from, or any other action that must be taken and has not already been taken by, any Governmental Authority having jurisdiction over the parties and the actions proposed to be taken pursuant to the Asset Purchase Agreement (other than the entry of the Sale Order by the Bankruptcy Court), or (d) the existence of any pending litigation or pending proceeding that could reasonably be expected to have the effect of enjoining or preventing the consummation, or altering the terms, or any of the transactions provided for in this Agreement or that could reasonably be expected to

A- 0772

have a Material Adverse Effect on Platinum, other than the instant proceedings in the Bankruptcy Court.

18.    From the Effective Time, Platinum and Purchaser hereby agree to provide Sellers, its professionals, the official committee of unsecured creditors, and its professionals with reasonable access, during regular business hours, to the Sellers' business records to pursue and/or defend estate claims, provided that Platinum and/or Purchaser are reimbursed for their reasonable expenses in connection therewith.

19.    Except as explicitly set forth in this Amendment, the Parties hereby reaffirm the Asset Purchase Agreement in its entirety.

20.    The validity of this Amendment, the construction of its terms and the interpretation and enforcement of the rights and duties of the Parties of this Amendment will be exclusively governed by and construed in accordance with the internal laws of the State of New York as applied to agreements entered into solely between residents of and to be performed entirely in the State of New York, without reference to that body of law relating to conflicts of law or choice of law.

21.    This Amendment may be executed in counterparts, each of which will be an original as regards any Party whose name appears thereon and all of which together will constitute one and the same instrument. This Amendment will become binding when one or more counterparts hereof, individually or taken together, bear the signatures of all the Parties reflected hereon as signatories.

22.    Parent and Seller agree that if Platinum or Purchaser considers or is advised that further actions, deeds, assignments or assurances, as such are identified on a schedule provided by the Platinum or Purchaser at Closing, are reasonably necessary or desirable to sell, convey, assign, transfer and deliver the Assets to the Purchaser, free and clear of all Encumbrances other than the Permitted Encumbrances, Parent and Seller shall take all reasonable actions, execute and deliver all such proper deeds, assignments and assurances and do all other things reasonably necessary to vest, perfect or confirm title to such Assets or rights in Purchaser and take all such other lawful and reasonably necessary action to carry out the purposes of Asset Purchase Agreement, including without limitation Sellers using their commercially reasonable efforts (which shall not require Seller to expend any funds) to assist the Parent, Purchaser and Reviewers in completing the review required by Section 10.13 of the Asset Purchase Agreement.

23.    The Parties understand and agree that the amendments to the Asset Purchase Agreement made by this Amendment are with the understanding that the Closing will occur by 11:59 p.m. EST on November 5, 2004 and upon such Closing shall be deemed effective as of 12:01 a.m. EST on November 5, 2004. To the extent that the Closing does not occur effectively as of such time, the Parties agree to negotiate in good faith to amend this Amendment and the Asset Purchase Agreement in consideration of the actual date of the Closing.

*[Signature Page to Follow]*

A- 0773

IN WITNESS WHEREOF, the Parties hereto have executed this Amendment as of the date first written above.

PRESSTEK, INC.

PARAGON CORPORATE HOLDINGS, INC.

By: /s/ Edward J. Marino
Name: Edward J. Marino
Title:   President and CEO

By: /s/ Jeffrey S. Herden
Name: Jeffrey S. Herden
Title:   Secretary

SILVER ACQUISITIONS CORP.

A.B. DICK COMPANY

By: /s/ Edward J. Marino
Name: Edward J. Marino
Title:   President and CEO

By: /s/ Stephen S. Gray
Name: Stephen S. Gray
Title:  CRO

A.B. DICK COMPANY OF CANADA, LTD.

By: Gerry Welstead
Name: Gerry Welstead
Title:   Contoller

INTERACTIVE MEDIA GROUP, INC.

By: /s/ Jeffrey S. Herden
Name: Jeffrey S. Herden
Title:   Secretary

## EXHIBIT A

**Section 3.4(b):**

Consent of the counter-party is required in order to assign the following contracts of Canada Sub:

- Lease for real property in Montreal (St. Laurent), Quebec

- Lease for real property in Winnipeg, Manitoba

- Lease for real property in Calgary, Alberta

- Lease for real property in Vancouver, British Columbia

- Equipment Lease with Delphi Solutions Corp., as assigned to De Lage Landen Financial Services Canada Inc. (relating to Panasonic digital phase equipment at Canada Sub's Calgary facility)

- Equipment Lease with Delphi Solutions Corp., as assigned to De Lage Landen Financial Services Canada Inc. (relating to wireless telephone equipment at Canada Sub's Toronto facility)

- Equipment Lease #6110 with Delphi Solutions Corp., as assigned to De Lage Landen Financial Services Canada Inc. (relating to call center management software, server and other equipment at Canada Sub's Toronto facility)

- Equipment Lease #14148 with Delphi Solutions Corp., as assigned to Associates Capital Limited (relating to equipment at Canada Sub's Calgary facility)

**Section 3.13(b):**

Limited has registered a specific equitable charge in favor of National Westminster Bank Plc to support the company's working bank facilities including:

- Standby L/C – Hamada – Yen 24m

- HM Customers and Excise Bond – £240,000

- Foreign Exchange – £100,000

- Bank Line Payment Manager Settlement Limit – £200,000 (in respect of customers' credit card payments)

- BACS – £210,000 (in respect of customers' direct debt, direct credit and standing order payments)

Details of these charges are attached.





Section 3.14(b)(viii):

Limited leases vehicles under an umbrella master agreement. A schedule of vehicle leasing costs is attached.

Section 3.15(b),(c) & (d):

Sellers acquired certain Intellectual Property Rights in connection with their purchase of Itek Graphix Corp. and the paperwork related to Sellers' ownership of many of such Intellectual Property Rights in foreign countries were never fully completed by Morgan Finnegan, the law firm hired by Sellers to complete such paperwork, due to Sellers' inability to pay for such services. To Sellers' Knowledge, attached is a list of the Intellectual Property Rights that have outstanding foreign registration issues.

Section 3.17:

Limited uses a different maintenance agreement and order detail form than A.B. Dick. Copies of these forms are attached along with a list of customers with extended warranty periods.

Section 3.18(a):

Attached is a list of employees of Limited with compensation in excess of $50,000.

Section 3.18(b):

Attached is a list of vendors and suppliers for Limited.

Section 3.21(g):

Attached is a form distribution agreement used by Limited and the list of distributors subject to this agreement.

Section 3.21(i) & (p):

Limited is party to an agreement with Rhemai 1 B.V., whereby Limited is obligated to sell products to Rhemai at cost. Rhemai was formerly partly owned by Limited and these special pricing terms formed part of the sale agreement. A copy of the agreement, which terminates in 2005, is attached.

Section 3.21(n):

English law does not permit employment agreements to be immediately terminable. Limited's standard terms and conditions of employment are consistent with the minimum notice periods prescribed by English law and are summarized as follows:

- One week notice period during the initial probationary period;

- Following completion of the probationary period, employment may be terminated by the employee on giving one month's prior written notice;

A- 0776



- Following completion of the probationary period, employment may be terminated by Limited on giving the greater of one month's prior written notice or one week's written notice for each complete year of service, up to a maximum of 12 week's written notice.

Attached are the standard terms and conditions of employment and individual offer letters to employees of Limited.

Section 3.22(c) & (e):

Please refer to the details of the benefit packages offered to all employees of Limited pursuant to the standard terms and conditions of employment referenced in Section 3.21(n) above.

Section 3.26(b):

Attached is a list of current key personnel at Limited.

Section 3.27:

There have been two claims under Limited's death-in-service insurance policy:

- £73,500 paid in July 2002 in respect of Mr. C. Rathod's death-in-service; and

- £48,000 paid in February 2002 in respect of Mr. D. Bradshaw's death-in-service.





A- 0777