IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| A.B. DICK COMPANY, et al., | ) Case No. 04-12002 (JLP) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |
| THE OFFICIAL COMMITTEE OF | ) |
| UNSECURED CREDITORS OF A.B. DICK | ) |
| CO., et al., | ) |
| | ) |
| Appellant, | ) Civil Action No. 04-1566-KAJ |
| | ) |
| v. | ) |
| | ) |
| PRESSTEK, INC., | ) |
| | ) |
| Appellee. | ) |

## MEMORANDUM ORDER

**I.     INTRODUCTION**

Presently before me is an appeal of the Official Committee of Unsecured Creditors (the "Committee") from the Judgment and Amended Judgment[1] of the Bankruptcy Court issued, respectively, on November 17, 2004 and November 23, 2004 (Docket Item ["D.I."] 11 at Tab 12, 13), allowing Presstek, Inc., and Silver Acquisitions Corp. (collectively, "Presstek") to purchase inventory from A.B. Dick Company ("A.B. Dick"). For the reasons that follow, the Order of the Bankruptcy Court is affirmed.

---

[1] The initial Judgment from November 17, 2004 contained a mistake in the caption that stated that the Judgement was from the Bankruptcy Court in the District of Nevada. (D.I. 11, Tab 12 at A-0736.) That mistake was corrected in the Amended Judgment on November 23. (*Id.*, Tab 13 at A-0736-37.) That is the only difference between the two judgments.

## II. STANDARD OF REVIEW

This court has jurisdiction over appeals from the Bankruptcy Court, pursuant to 28 U.S.C. § 158(a). On appeal, a clearly erroneous standard applies to the Bankruptcy Court's findings of fact, and a plenary review standard applies to its legal conclusions. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). When reviewing mixed questions of law and fact, this court will accept the Bankruptcy Court's findings of "historical or narrative facts unless clearly erroneous, but [will] exercise plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts." *Mellon Bank, N.A. v. Metro Communications, Inc.*, 945 F.2d 635, 642 (3d Cir. 1991) (internal citations omitted).

## III. DISCUSSION

This case involves an Asset Purchase Agreement (the "APA"), pursuant to which Presstek bought substantially all of the assets of A.B. Dick Company ("A.B. Dick"), Paragon Corporate Holdings, Inc., Multigraphics, LLC, and Interactive Media Group, Inc. (collectively, "Debtors"). The Bankruptcy Court found that those assets included "inventories and rights to partially prepaid orders of inventory supplied by [Mitsubishi Imaging (MPM), Inc.]" ("Mitsubishi"). (D.I. 11, Tab 11 at A-0727.) The Committee asserts that the Debtors' estates, and thus the creditors, were entitled to receive a refund of the money that Debtors had pre-paid on orders to Mitsubishi. (D.I. 12 at 16.) The Committee argues that, because Presstek did not assume the contract between

Mitsubishi and A.B. Dick, Presstek was not entitled to any prepayments A.B. Dick made on that contract. (*Id.* at 16-24.)

While the Committee strenuously disagrees with the ruling of the Bankruptcy Court, that Court's November 17, 2004 decision[2] (*id.* at A-0725-30) is not clearly erroneous in its factual findings, nor does it reflect any error of law.

The only legal authority cited by the Committee in support of its position, other than citations to general principles of contract law and judicial estoppel, is *In re CellNet Data Systems, Inc.*, 327 F.3d 242 (3d Cir. 2003). In *CellNet*, when the debtor sold its intellectual property to a buyer, the buyer "specifically exclude[d] all stocks, assets, liabilities and agreements pertaining to [the debtor's] venture with [a licensee]." *Id.* at 245. Pursuant to 11 U.S.C. § 365(n), the licensee elected to retain its rights under the license, and continued to use the intellectual property and pay royalties. *Id.* at 246. Despite having specifically excluded the contract with the licensee from the assets it purchased, the buyer claimed that, because it had purchased the intellectual property that was licensed, it was entitled to the royalties accompanying that license. *Id.* at 245. The debtor also claimed that it was entitled to such royalties. *Id.* at 245-46. The Third Circuit affirmed the findings of the bankruptcy and district courts that, because the buyer had expressly excluded the license agreement from the assets it had purchased, it had severed the right to receive royalties from the intellectual property it had purchased, and thus that the debtor was entitled to the royalties. *Id.* at 252.

---

[2] The Bankruptcy Court issued an oral Memorandum of Decision on the Record at the close of the November 17, 2004 hearing. (D.I. 11, Tab 11 at A-0725-30.) It then issued a Judgment and an Amended Judgment reflecting that decision. (*Id.* at Tab 12, 13.)

3

The instant case is distinguishable from the facts of *CellNet*. While in *CellNet* the buyer had excluded "all stocks, assets, liabilities and agreements" pertaining to the licensee, here Presstek simply elected not to assume the contract with Mitsubishi. (D.I. 11, Tab 4 at A-0488 (Bankruptcy Court finding that, in approving the APA, "neither [of the agreements with Mitsubishi] ... shall be deemed assumed or assumed and assigned to [Presstek] pursuant to this Order. The ... Debtors reserve their rights to seek assumption and assignment in the future.").) Excluding all assets, liabilities, stocks and agreements pertaining to a relationship with a licensee, as the buyer did in *CellNet*, is distinctly different from declining to accept an ongoing business relationship but demanding the delivery of prepaid inventory, as Presstek did here.

Moreover, the APA clearly provides that Presstek acquired the Debtors' "right title and interest in and to all of [Debtors'] property and assets, real, personal or mixed, tangible and intangible, or every kind and description, wherever located ... [including]: (c) all Inventories of [Debtors] and their Subsidiaries; ... (l) all rights of [Debtors] relating to deposits and prepaid expenses, claims for refunds and rights to offset in respect thereof which are not excluded under Section 2.2(g)[.]"[3] (D.I. 19, Ex. A at A-0029.) Thus, the Bankruptcy Court did not commit error when it found that, even though Presstek did not assume the contract with Mitsubishi, it had purchased Debtors inventory, including the right to the products as to which Debtors had made prepayments to Mitsubishi.

---

[3] Section 2.2(g) of the APA states that "the Excluded Real Property Interests and all Governmental Authorizations relating exclusively to the operation of such Real Property" are excluded from the APA, and will remain the property of Debtors after the sale. (D.I. 19, Ex. A at A-0030.)

## IV.     CONCLUSION

Accordingly, it is hereby ORDERED that the November 17, 2004 Order of the Bankruptcy Court, as amended November 23, 2004, is AFFIRMED.

                                                            _____
                                                            UNITED STATES DISTRICT JUDGE

March 9, 2006
Wilmington, Delaware